IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3066 |
| vs. | |
| MATTHEW DAVID SIEBRASS, | ORDER |
| Defendant. | |

    This matter is before the Court on a letter from the defendant (filing 139) that the Court has filed as a motion asking the Court to modify the conditions of his supervised release. The Court will order the government to respond to the defendant's motion.

    As relevant, the Court sentenced the defendant to 40 months' imprisonment, to be followed by a one-year term of supervised release. Filing 122 at 2-3. As a special condition of supervision, the Court required the defendant to live in a residential reentry center (RRC) for up to 180 days, at the discretion of probation. Filing 122 at 5. The defendant is still incarcerated, and says that because he is required to live in a residential reentry center after his release, the Bureau of Prisons considers him ineligible to transition to an RRC before the end of his sentence. Filing 139. He asks the Court to change that condition so he'll be eligible for transition to an RRC. Filing 139.

    But the Bureau is, of course, obliged to transition the defendant out of imprisonment for at least the last 10 percent of his sentence "to the extent practicable." See 18 U.S.C. § 3624(c); 28 C.F.R. § 570.21. And even before then, the Bureau is required to exercise individual discretion to determine whether the defendant should be transitioned sooner. See id.; 28 C.F.R. § 570.22; 18

U.S.C. § 3621(b); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Perry v. Krueger*, No. 1:15-cv-1298, 2015 WL 6500915, at *2 (C.D. Ill. Oct. 27, 2015).

A *per se* policy denying inmates the opportunity to be transferred to an RRC if they could also be required to reside at an RRC as a condition of supervised release would seem, at the very least, to be in tension with the Bureau's obligation to exercise its discretion on an individual basis. *See Fults*, 442 F.3d at 109. But the defendant has presented the Court with very little to explain the Bureau's decisionmaking or reasoning, which leaves the Court somewhat in the dark about whether that's actually what's happened here.

Accordingly, the Court will order the government—as the party best positioned to obtain administrative documents and policy statements—to respond to the defendant's motion and explain the Bureau's position.

IT IS ORDERED that the government shall respond to the defendant's motion to modify the conditions of his supervised release (filing 139) on or before June 22, 2020.

Dated this 8th day of June, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge