IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3066 |
| vs. | ORDER |
| MATTHEW DAVID SIEBRASS, | |
| Defendant. | |

This matter is before the Court on correspondence from the defendant that the Court understands as asking for modification of the conditions of his supervised release. Filing 139; filing 142; filing 143. The Court will grant the defendant's request.

As relevant, the Court sentenced the defendant to 40 months' imprisonment, to be followed by a one-year term of supervised release. Filing 122 at 2-3. As a special condition of supervision, the Court required the defendant to live in a residential reentry center (RRC) for up to 180 days, at the discretion of probation. Filing 122 at 5. The defendant is still incarcerated, and says that because he is required to live in a residential reentry center after his release, the Bureau of Prisons considers him ineligible to transition to an RRC before the end of his sentence. Filing 139. The government agrees, explaining that as a matter of BOP policy,

> inmates who are required to spend a portion of time in a CCC as a condition of release (i.e. supervised release or court order) do not require an extended Bureau CCC placement. For example, if the Unit Team determines the inmate needs a six month CCC

placement, but the inmate is required to stay in a CCC for 90 days as a condition of release, then the institution shall ordinarily refer the inmate for a 60-90 day CCC placement.[1]

Filing 141.

The BOP's policy is frustrating, and its application in the defendant's case even more so: the warden's response to the defendant's request for administrative remedy misquotes the Court's judgment. The warden's response claims that the judgment says, "You must reside in a residential reentry center (RRC), in particular one of the Dismas facilities in Nebraska, for a period of up to 180 days in the correctional component." Filing 142 at 3. But what the Court *actually* ordered was:

> You must reside in a residential reentry center (RRC), in particular one of the Dismas facilities in Nebraska, for a period of up to 180 days in the correctional component, *to commence at the direction of the probation officer*, and you must observe the rules of that facility. *You may be discharged earlier than 180 days by the probation officer, if you are determined to be in full compliance with the conditions of supervision.*

Filing 122 at 5 (emphasis supplied). The difference is meaningful: the BOP is proceeding as if the 180 days of RRC are mandatory, when that's not what the Court ordered.

And as a practical matter, the Court never intended to "stack" community placement to have the defendant living in an RRC for a year. That's

---

[1] The Court calls it an "RRC", the BOP calls it a "CCC," but it's all the same thing.

not what an RRC is for. Rather, the Court included that condition in the judgment because it believed the defendant was likely to need transitional assistance, and it wanted to *make sure* that was provided. It matters not to the Court whether that comes through BOP or the probation office. But the BOP's policy, and its application of that policy in this case, puts the Court in the awkward position of trading in the certainty of its judgment for the possibility that the BOP might exercise its discretion in a manner consistent with what the Court has already ordered or *intended*.

That's an exchange the Court is unwilling to make. But the Court can, at least, modify the conditions of supervised release in a manner that, hopefully, will clarify the Court's intent for the Bureau of Prisons: the defendant will only be referred to an RRC *if he needs it*—which, if the BOP provides the defendant with appropriate transitional placement, is unlikely.

IT IS ORDERED:

1. The defendant's motions to modify (filing 139; filing 142) are granted.

2. The conditions of the defendant's supervised release are modified as follows:

    q. If directed by the probation officer, you may be required to reside in a residential reentry center (RRC), in particular one of the Dismas facilities in Nebraska, and observe the rules of that facility, for no longer than 180 days.

3. The Clerk of the Court shall send a copy of this order to the Warden of Pekin FCI.

Dated this 10th day of June, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge

- 4 -